COVINGTON, Judge.
This is an appeal by defendant, George A. Fischer, Secretary, Department of Health & Human Resources, from a judgment of the district court in favor of plaintiff, Edna Mae Williams, decreeing plaintiff to be entitled to a Hoyer Lift within the guidelines for the purchase of a medical appliance under the Social Security Act, and ordering the Department of Health & Human Resources, State of Louisiana, to purchase the Hoyer Lift for her use and benefit.
We have carefully read the record, and find the written reasons of the trial judge, a copy of which is attached, fully disposes of the factual and legal issues presented by this case.
For the reasons expressed by the trial judge, which we adopt as our own, the judgment appealed is affirmed at the cost of the appellant in the amount of $269.77.
AFFIRMED.
*867 EDNA MAE WILLIAMS
VERSUS
GEORGE A. FISCHER, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN RESOURCES
* NUMBER 246,361 DIVISION L
* 19TH JUDICIAL DISTRICT COURT
* PARISH OF EAST BATON ROUGE
* STATE OF LOUISIANA
[[Image here]]
WRITTEN REASONS
This matter is before this Court on a petition for judicial review of a decision of the Department of Health and Human Resources.
Petitioner, Edna Mae Williams, has had cerebral palsy since birth. She lives at home and attends the School for the Mentally Retarded. Petitioner’s condition requires that she use a wheelchair. The subject of this petition for review is the denial of a request by petitioner for a device known as a “hoyer lift”.
A “hoyer lift” is a device used to transfer a person from bed into a wheelchair. From the record of the administrative proceeding below it appears that petitioner is a good deal heavier than average. Currently, to lift her into the chair requires her mother and an additional person. The record indicates that with the use of the “hoyer lift”, petitioner’s mother could be trained to transfer her from bed to wheelchair without the aid of a second person. It should also be noted from the record that petitioner’s wheelchair was not equipped with a “sliding transfer board”, which is also an aid for transferring patients from bed to wheelchair.
Guidelines for the purchase of a medical appliance are found at Section 19-530 of the Family Security Manual (derived from Title XIX of the Social Security Act). It appears from the record that petitioners met requirements 1, 3, 4, and 5. The denial seems to have been based on 19-530(2) which states as follows:
The purchase of a medical appliance, medical equipment or supplies shall be considered when: ... (2) It is needed by a client with serious impairment to increase well being, prevent further impairment, or to enable him to increase self-care or require less care by others.
The hearing officer denied petitioner’s request because there was “no evidence to indicate that the appliance would increase the claimant’s well being, prevent further impairment or enable her to increase self-care.”
However, the device would mean that claimant would require less care by others. Since the language of the provision includes the disjunctive “or”, it appears that a claimant only need meet one of these alternatives. Since the lift would decrease the number of persons required to transfer petitioner from bed to wheelchair the requirement of “requiring less care by others” is met.
For these reasons this court finds that the decision of the Department and Human Resources should be reversed and defendant approve the purchase of the “hoyer lift”.
Baton Rouge, Louisiana, this 2nd day of March, 1983.
/s/ Douglas M. Gonzales
Douglas M. Gonzales
Judge, 19th Judicial District Court